IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:05CV193 |
| v. | § | |
| | § | |
| HORSETRADERS, INC. d/b/a BULLFROGS RESTAURANT, | § § | JUDGE RON CLARK |
| | § | |
| *Defendant*. | § § | |

**ORDER GRANTING JANETTE ENGLAND'S MOTION TO INTERVENE**

Before the court is Janette England's Motion to Intervene as a plaintiff [Doc. # 3].

Plaintiff Equal Opportunity Employment Commission does not oppose this motion.  Defendant

has responded and does not oppose Ms. England's right to intervene.   Defendant, however,

opposes Ms. England's motion on the grounds that her Plaintiff-Intervener Complaint names a

new party, Rick Miller.[1]  Defendant claims that an individual cannot be sued under Title VII, 42

U.S.C. § 2000(e) et. seq ("Title VII").   England's proposed complaint only alleges state law

claims against Mr. Miller, and these claims arise out of the same series of occurrences that gave

rise to the Title VII claim against Defendant.  Joinder of Rick Miller as a party is proper, and this

court has supplemental jurisdiction over the state law claims asserted against him in the

complaint under 28 U.S.C. § 1367.  Ms. England, therefore, should be allowed to intervene and

also to file her original complaint attached to her motion.

---

[1]Fed. R. Civ. P. 24(c) requires the moving party to attach a copy of the complaint that will be filed if the motion to intervene is granted.  It is the additional claims against another party to which Defendant is opposed.

1

**Background**

The Equal Opportunity Commission ("EEOC") filed this suit alleging that Defendant subjected Janette England and other similarly situated individuals to a sexually hostile work environment in violation of Title VII.  Allegedly, Janette England and other similarly situated individuals were frequently subjected to sexually explicit remarks, unwelcome conduct and comments, and a work atmosphere permeated with sexually explicit behavior.  The EEOC's charges were brought after Ms. England filed a complaint with the Agency detailing what she purportedly endured at the hands of Defendant's employees and agents, including Rick Miller.

Janette England filed this motion almost immediately after the original Complaint was filed and before Defendant appeared in this suit.  Defendant has now appeared and filed a response to this motion.  Ms. England seeks leave to pursue claims under Title VII against Defendant for individual compensation for the alleged sexual harassment inflicted by Defendant. Defendant does not oppose her right intervene and to pursue this claim.  Ms. England also seeks to join Rick Miller, the owner of the Bullfrogs Restaurant, and to bring state law claims against him including assault, battery, and intentional infliction of emotional distress.  Defendant opposes any claim made by Ms. England under Title VII against Mr. Miller.

**Discussion**

Fed. R. Civ. P. 24(a) states that upon a timely application anyone shall be allowed to intervene in an action when a United States Statute confers an unconditional right to intervene. Fed. R. Civ. P. 24(a).  42 U.S.C. § 2000e-5(f)(1) states in relevant part that "the person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC] . . . ." 42 U.S.C. § 2000e-5(f)(1).  Here, the EEOC has brought a civil action against Defendant.  No

2

one disputes that Ms. England's motion was timely, and that Ms. England was an aggrieved

party.  The court concludes that Ms. England has a statutory right to intervene in this case, and is

a proper party to this suit.

Upon concluding that Ms. England is a proper party to this suit, the court must consider

whether she should be allowed to file her proposed Plaintiff-Intervener Complaint.  In the

complaint, Ms. England seeks to join a new defendant, Rick Miller, and bring new state law

claims against this defendant. Fed. R. Civ. P. 20 permits joinder of a defendant when the right to

relief arises out of the same transaction or occurrence, or series of transactions or occurrences,

and if any question of law or fact common to all defendants will arise in the action.  Fed. R. Civ.

P. 20(a).  In determining what constitutes the same transaction or occurrence under Rule 20(a),

other courts have looked to Fed. R. Civ. P. 13(a) governing compulsory counterclaims.

*Alexander v. Fulton City*, 207 F.3d 1303, 1323 (11th Cir. 2000).  Under this rule, "[a]ll logically

related events entitling a person to institute a legal action against another generally are regarded

as comprising a transaction or occurrence."  *Id.* (citations omitted).

Defendant objects that Ms. England should not be allowed to join Mr. Miller and bring a

Title VII cause of action against him.  Her proposed complaint, however, does not state a Title

VII cause of action against Mr. Miller at all.  "Plaintiff-Intervener England's federal cause of

action is brought solely against her former employer, Defendant Horsetraders, Inc. d/b/a

Bullfrogs Restaurant." Pl.-Int. Compl. at p.5, n.1.  She seeks to bring additional state law claims

against Mr. Miller based upon his individual actions during the time period while she worked for

Defendant and was allegedly subject to Defendant's sexually hostile work environment.  The

claims of assault, battery, and intentional infliction of emotional distress all arise from the same

series of occurrences that gave rise to the instant suit.  Based on Ms. England's proposed complaint, the same questions of whether Mr. Miller actually acted in the manner alleged by her will be at issue under both the Title VII and state law claim.  Defendant does not dispute that the underlying events that give rise to the tort claims are logically related to the Title VII claims. The court concludes, therefore, that Ms. England, as a party to this suit, should be allowed to join Rick Miller.

Additionally, this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).  Supplemental jurisdiction extends a district court's jurisdiction over claims that are sufficiently related to the claim on which its original jurisdiction is based.  *See* 28 U.S.C. § 1367(a).  Furthermore, "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."  *Id*.  This sentence makes it clear that the grant of supplemental jurisdiction extends to claims involving joinder or intervention of additional parties.  *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, --- U.S. ---, 125 S.Ct. 2611, 2620 (2005).

Here, original jurisdiction in this case is based upon federal question jurisdiction, and the additional claims involve the joinder of a new party.  As noted, the state law claims are sufficiently related to the Title VII claims because they involve the same series of occurrences and same factual issues.  Moreover, the court finds no reason to decline to exercise supplemental jurisdiction in this case.  The claims do not raise novel issues of state law and they do not substantially predominate over the Title VII claims.  *See* 28 U.S.C. § 1367(c).  The court will exercise its supplemental jurisdiction over these additional state law claims.

IT IS THEREFORE ORDERED that Janette England's Motion to Intervene [**Doc. # 3**] is **GRANTED** and she is allowed to file her Plaintiff-Intervener Original Complaint.

So **ORDERED** and **SIGNED** this **23** day of **November, 2005.**

_____
Ron Clark, United States District Judge